UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Brian Edwards**<br>10900 Baumhart Road<br>Amherst, Ohio 44001<br><br>     **Plaintiff,**<br>   v.<br><br>**Equitable Acceptance Corp.**<br>8421 Wayzata Boulevard, # 300<br>Minneapolis, Minnesota 55426-1383<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>     **Defendants.** | CASE NO.: _____<br><br><br><br>**JUDGE**<br><br><br>**COMPLAINT**<br><br><br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Brian Edwards, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Equitable Acceptance Corp. (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff, Brian Edwards (hereafter "Plaintiff"), is an adult individual whose residence is in Amherst, Ohio, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. The Defendant, Equitable Acceptance Corp. ("EAC"), is a Minnesota business entity with an address of 8421 Wayzata Boulevard, # 300, Minneapolis, Minnesota 55426-1383, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Defendants John and Jane Does 1 - 10 are the individual agents for the EAC, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. EAC at all times acted by and through one or more of the Agents.

**FACTS**

8. Within the last four years, EAC contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff on Plaintiff's cellular telephone, number 440-xxx-9725.

9. At all times mentioned herein, EAC placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered the calls from EAC, he would hear silence and was required to say "hello" several times before he was connected to a live agent.

11. Upon information and belief, Plaintiff never provided his cellular telephone number to EAS or the original creditor, and never provided either party with express permission to place calls to his cellular phone.

12. During a conversation taking place during the beginning of March, 2014, Plaintiff requested from a live agent that EAS cease placing calls to his cellular phone.

13. Despite Plaintiff's request, EAS placed over fifteen additional calls to Plaintiff's cellular phone. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I

### (Violations of the Telephone Consumer Protection Act)
### (47 U.S.C. § 227, et seq.)

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

17. Defendants' telephone systems have several of the earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he would hear a period of silence and was required to say "hello" several times before Defendants' phone system would connect Plaintiff to the next available representative.

18. Upon information and belief Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

20. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

22. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Invasion of Privacy by Intrusion upon Seclusion)

24. Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

25. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

26. Ohio recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

27. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls.

28. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

29. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

30. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

31. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from Defendants for the all damages including intentional,

reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

4. Punitive damage; and

5. Such other and further relief as this Court may determine to be just and proper.

Dated: <u>April 24, 2014</u>

>Respectfully submitted,
>
>By:   <u>/s/ *Sergei Lemberg*</u>
>
>Sergei Lemberg, Esq.
>LEMBERG LAW, L.L.C.
>A Connecticut Law Firm
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile: (203) 653-3424
>Email: slemberg@lemberglaw.com
>Attorneys for Plaintiff:
>Brian Edwards

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

>  <u>/s/ *Sergei Lemberg*</u>
>Sergei Lemberg, Esq.