IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------

BRIAN EDWARDS,

                      Plaintiff,

        -vs-

EQUITABLE ACCEPTANCE CORP., et al.,

                Defendants.

------------------------------------------------

: CASE NO.  1:14-CV-00888
:
:
: MEMORANDUM OF OPINION AND
: ORDER DENYING THE PLAINTIFF'S
: MOTION TO DISMISS THE
: DEFENDANT'S COUNTERCLAIMS
:
:
:
:

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Before the Court is the plaintiff Brian Edwards' motion to dismiss the defendant Equitable Acceptance Corporation's counterclaims. The defendant has filed a response and the plaintiff has replied. For the reasons that follow, the Court will deny the motion.

      The plaintiff Mr. Edwards filed this lawsuit alleging that the defendant Equitable Acceptance Corporation ("EAC") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, when EAC, in an attempt to collect a debt, called the plaintiff's cellular phone on numerous occasions by using an automatic telephone dialing system and/or by using a prerecorded or artificial voice. (Doc. 1, ¶15). The plaintiff also alleges a state law claim of invasion of privacy by intrusion upon seclusion in relation to the defendant's frequent and unwanted calls. (Doc. 1, pp. 4-5).

As provided in its answer, EAC asserts that its representatives called Mr. Edwards on numerous occasions, but it claims that it had his consent to do so and that it never used an automated dialing system or a prerecorded voice. EAC further maintains that the only reason that its representatives called Mr. Edwards was because he had defaulted on a loan made by EAC. EAC explains that Mr. Edwards had entered into a purchase agreement with a third party, wherein he agreed to buy a vacuum cleaner for $2017.69. (Doc. 4, Counterclaim, ¶4). EAC states that the plaintiff agreed to finance his purchase through EAC, and he was to make minimum monthly payments in the amount of $70.62. (Doc. 4, Counterclaim, ¶¶5, 7).

EAC alleges that it took assignment of the purchase agreement along with the plaintiff's agreed monthly payments. (Doc. 4, Counterclaim, ¶12). EAC contends that Mr. Edwards is in default on his payment obligations and that he owes the defendant $1,899.26 in principal, interest, and NSF fees, plus collection costs and attorney fees. EAC accordingly asserts counterclaims of breach of contract and unjust enrichment.

Mr. Edwards filed a motion to dismiss the defendant's counterclaims on the ground that subject matter jurisdiction is lacking. Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the non-moving party has the burden of proving jurisdiction in order to survive the motion. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990). In this instance, EAC has met its burden, and the Court is convinced that jurisdiction over the defendant's counterclaims is proper.

This Court possesses original jurisdiction over Mr. Edwards' TCPA claims pursuant to 28 U.S.C. § 1331. Because there is no independent jurisdictional basis to support the defendant's state law counterclaims, the question presented is whether the

2

Court's supplemental jurisdiction supports the defendant's claims.

The plaintiff argues that supplemental jurisdiction over a defendant's counterclaim is proper, only if the counterclaim is compulsory and not permissive pursuant to Federal Rule 13(a). The plaintiff accordingly argues that because the counterclaims in this instance are permissive, they should be dismissed for lack of jurisdiction.

Prior to the enactment of 28 U.S.C. § 1367, the Sixth Circuit relied on the compulsory/permissive distinction in order to determine whether a counterclaim fit within the Court's supplemental jurisdiction. See Maddox v. Kentucky Finance Co., Inc., 736 F2d 380, 382 (6th Cir. 1984) ("a counterclaim is within the ancillary jurisdiction of the federal district court only if it is a compulsory counterclaim under Fed.R.Civ.P. 13(a)"); City of Cleveland v. Cleveland Elec. Illuminating Co., 570 F.2d 123, 126 (6th Cir. 1978). A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot require jurisdiction." Fed.R.Civ.P. 13(a). When considering whether a claim is permissive or compulsory, the Sixth Circuit has rejected a literal application of Rule 13(a) in favor of the "logical relation" test. See Maddox, 736 F.2d at 382.

In Maddox, the plaintiff borrowers alleged, *inter alia*, that the defendant lender violated the Truth in Lending Act ("TILA") by failing to make proper disclosures. Id. And similar to the present case, the defendant lender brought a counterclaim for the unpaid underlying debt. Id. The Sixth Circuit concluded that the defendant's counterclaim was permissive and not compulsory, since it was not logically related to the plaintiff's TILA

3

claim. As such the court held that the counterclaim was not within the district court's supplemental jurisdiction. In reaching its conclusion, the Sixth Circuit panel relied on a Fourth Circuit opinion for the idea that

> [t]he TILA claim does not involve the obligations created by the underlying contract. Rather, the TILA claim enforces a federal policy regarding disclosure by invoking a penalty. The issues of fact and law are significantly different. . . because the TILA claim involves only the federal statute and the debt claim only state law, and different evidence is needed to support each claim.

Id. at 382 (citing Whigham v. Beneficial Finance Co. of Fayetteville, 599 F.2d 1322 (4th Cir.1979)).

The plaintiff argues that Maddox is controlling in this instance, and he states that similar to Maddox, his TCPA claim does not relate to any obligation he had under the purchase agreement. The plaintiff also indicates that proving his TCPA claim will require different evidence than the defendant's contract claim will require. As such, the plaintiff argues, the counterclaim, not being logically related to the TILA claim, is permissive, pushing it outside the Court's supplemental jurisdiction, under Maddox.

The Court might be inclined to agree with the plaintiff, but things have changed since Maddox was decided. First, Congress enacted 28 U.S.C. § 1367, which provides district courts with

> supplemental jurisdiction over all other claims that are *so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution*.

28 U.S.C. § 1367(a) (emphasis added). Since enactment of § 1367, both the Second and Seventh Circuits have decided that given its broad language, the statute supplants the judge-made rule that permissive counterclaims require an independent jurisdictional basis. To put it more precisely, these courts of appeal have concluded that a district

4

court has jurisdiction to hear a permissive counterclaim, so long as it "form[s] a part of the same case or controversy."

In Channell v. Citicorp Nat. Servs., Inc., 89 F.3d 379, 385 (7th Cir. 1996), the plaintiff asserted federal claims under the Consumer Leasing Act, and the defendant asserted a state law counterclaim seeking to recover the unpaid balance of the underlying debt. In addressing whether supplemental jurisdiction existed over the counterclaim, a panel of the Seventh Circuit rejected the continued use of the permissive/compulsory distinction. The court held that "[n]ow that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers." Id. at 385. As such, the court reasoned, only "[a] loose factual connection between the claims" is required. Id. (quoting Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir.1995)).

Similarly, in Jones v. Ford Motor Credit Co., 358 F.3d 205 (2d Cir.2004), a creditor asserted counterclaims seeking recovery of an unpaid debt incurred by plaintiffs who were asserting claims under the Equal Credit Opportunity Act. A panel of the Second Circuit rejected the application of the permissive/compulsory distinction and held that "[a]fter section 1367, it is no longer sufficient for courts to assert, without any reason other than dicta or even holdings from the era of judge-created ancillary jurisdiction, that permissive counterclaims require independent jurisdiction." Id. at 212–13.

While the Sixth Circuit has not addressed the status of the permissive/compulsory distinction in light of § 1367, it has observed that "[t]he first part of the statute (§ 1367(a)) contains a sweeping grant of supplemental jurisdiction giving

5

courts supplemental jurisdictional over all claims not excluded by the second part (§ 1367(b))." Olden v. LaFarge Corp., 383 F.3d 495, 504 (6th Cir. 2004). This broad language is consistent with the other Circuits that have abandoned the permissive/compulsory distinction since the enactment of § 1367, and a number of district courts in the Sixth Circuit have followed the reasoning of the Seventh and Second Circuits. See, e.g., Frisby v. Keith D. Weiner & Associates Co., LPA, 669 F. Supp. 2d 863, 872 (N.D. Ohio 2009) (a district court "may exercise supplemental jurisdiction over the counterclaim as long as the counterclaim is part of the same 'case or controversy' as the underlying claim."); Dodson v. Action Nissan, Inc., No. 3:05-0619, 2006 WL 2503621, at *2 (M.D. Tenn. Aug. 25, 2006) (a district court "has supplemental jurisdiction over a counterclaim which is 'related to claims in the action.'"); Jenkins v. United Collection Bureau, No. 3:11 CV 1191, 2011 WL 5362085, at *2 (N.D. Ohio Oct. 14, 2011) ("whether or not the counterclaim is permissive, the Court has supplemental jurisdiction over it under section 1367(a) because the counterclaim is part of the same case or controversy as the Complaint") (report and recommendation adopted sub nom. Jenkins v. United Collection Bureau, Inc., No. 3:11 CV 1191, 2011 WL 5362073 (N.D. Ohio Nov. 1, 2011).

Given the above authority, this Court is persuaded that whether EAC's counterclaim is permissive or compulsory does not bear on the issue of supplemental jurisdiction. This Court accordingly joins the reasoning of the Second and Seventh Circuits, and concludes that the question in this instance is whether EAC's claim on the underlying debt "forms part of the same case or controversy" as Mr. Edwards' TCPA claim, pursuant to 28 U.S.C. § 1367(a). The Court is convinced that it does. The

6

common factual connection between the claims is the underlying debt and the numerous phone calls placed by EAC. Mr. Edwards contends that EAC's attempts to contact him on his cell phone with regard to the alleged debt violated the TCPA, while EAC maintains that it is owed the unpaid balance of the debt and that its calls were justified. The claims are sufficiently related to form part of the same case or controversy.

Furthermore, the Court concludes that none of the reasons for declining to exercise supplemental jurisdiction as described in § 1367(c) apply here. The defendant's counterclaims do not raise novel or complex issues of State law, nor do they predominate over Mr. Edwards' TCPA claim. This is not an instance where the Court has dismissed all claims over which it has original jurisdiction, nor are there exceptional circumstances that provide compelling reasons for declining jurisdiction.

For the reasons stated above, the Court concludes that it has jurisdiction over the defendant's counterclaims. The plaintiff's motion to dismiss is accordingly denied.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: 8 June 2015

7